FILED
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

MAR 17 2003

[Clerk signature]
CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

   Plaintiff/Respondent,

v.

   Civ. No. 02-0490 BB/RLP
   Cr. No. 01-590 BB

ARTURO ALEJANDRO LERMA,

   Defendant/Movant.

## MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION[1]

1.    This is a proceeding on a Motion to Vacate, Set Aside or Correct Sentence and Conviction filed pursuant to 28 U.S.C. § 2255. Defendant is currently confined in the Federal Correctional Institution in Anthony, New Mexico. He attacks the judgment and sentence of the United States District Court for the District of New Mexico entered in *United States v. Lerma*, Cr. No. 01-590 BB, entered on September 24, 2001 [Cr. Doc.23].

2.    Count I of the Indictment charged Defendant with possession with intent to distribute more than 100 Kilograms of marijuana, in violation of 21 U.S.C. § 841(a)(1) and § 841(b)(1)(B) and 18 U.S.C. § 2 (aiding and abetting). Count II of the Indictment charged Defendant with carrying a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i). *See* Indictment [Cr. Doc. 14].

---

[1] Within ten (10) days after a party is served with a copy of the "Magistrate Judge's Proposed Findings and Recommended Disposition" (the "Proposed Findings") that party may, pursuant to 28 U.S.C. § 636 (b)(1), file written objections in the United States District Court to the Proposed Findings. A party must file any objections within the ten-day period allowed if that party wants to have appellate review of the Proposed Findings. If no objections are filed, no appellate review will be allowed.

3. On June 26, 2001 Defendant pled guilty to both counts of the Indictment. [Cr. Doc. 20]. On September 10, 2001 Defendant was sentenced to 60 months' imprisonment for each count of the Indictment, with the sentences to run consecutively for a total of 120 months, followed by a period of supervised release. [Doc. 22]. His § 2255 Motion was timely filed on May 1, 2002, and he was granted leave to amend on August 20, 2002 [Doc. 10].

4. Defendant asserts that he received constitutionally ineffective assistance of counsel and raises the following grounds for that claim: (i) counsel failed to argue a *Bailey* violation; (ii) counsel failed to negotiate a plea agreement for a reduction of charges; and (iii) counsel failed to raise the violation of Defendant's right to a speedy trial.

5. To prevail on an ineffective assistance of counsel claim, a defendant must show *both* (1) that his counsel's performance fell below an objective standard of reasonableness; and (2) that but for this deficient performance the outcome would have been different. *Strickland v. Washington*, 466 U.S. 668, 688 & 694 (1984). When a defendant pleads guilty, he must show that there is a reasonable probability that, but for counsel's ineffective assistance, he would have proceeded to trial. *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

6. *Bailey* claim. Section 924(c) assesses criminal penalties for using or carrying a firearm in connection with drug trafficking. In *Bailey v. United States*, 516 U.S. 137 (1995) the Court construed § 924(c)(1) to require evidence of "active employment" of the firearm rather than mere possession. *Id.* at 143. In 1998, Congress amended § 924(c), which "now applies to 'any person who, during and in relation to any crime of violence or

2

drug trafficking crime . . . uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm.'" *United States v. McKissick*, 204 F.3d 1282, 1291 n.2 (10th Cir. 2000) (quoting 18 U.S.C. § 924(c)(1)).

7. Defendant does not challenge the Government's recitation of the facts of his arrest, which indicate that he was arrested on February 22, 2001 after disregarding Border Patrol Agents' emergency lights and sirens. He eventually stopped and exited his truck. A pat down search revealed a 22-caliber pistol containing four live rounds of ammunition. Five burlap bags containing marijuana were found in the vehicle. The arrest took place after the 1998 amendment to § 924(c). The Indictment charged that he "knowingly carried a firearm . . . during and in relation to a drug trafficking offense." [Cr. Doc. 14]. That language is sufficient to indict and sufficient to satisfy § 924(c). *See, e.g., McKissick*, 204 F.3d at 1292-93 (citing *Smith v. United States*, 508 U.S. 223 (1993)). Thus, counsel was not ineffective for failing to raise a *Bailey* claim to the indictment.

8. <u>Plea Agreement</u>. Defendant alleges counsel was ineffective for failing to negotiate a plea agreement with the Government regarding the gun charge. This contention is apparently based on Defendant's mistaken belief that the gun charge could not stand. As shown above, that claim is without merit. In any event, counsel cannot be found ineffective for failing to negotiate a plea agreement when the Government contends it did not offer to enter into plea negotiations.

9. <u>Speedy Trial</u>. Finally, Defendant argues his Speedy Trial rights were violated because the Government failed to indict him more than 30 days after his arrest in violation of 18 U.S.C. § 3161(b) of the Speedy Trial Act. The Government's position on this claim

is supported by the record and is not disputed by Defendant, *i.e.*, that with Defendant's concurrence the court granted an extension of the 30-day indictment requirement and excluded an additional 75 days from the time for grand jury presentment. The court found, that "the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(A). The court thus complied with the requirements of that statute. *See* "Waiver of Preliminary Hearing and Continuance of Grand Jury Presentment Order Tolling Speedy Time Computation" [Cr. Doc. 7]. Thus, Defendant's claim that counsel was ineffective for moving to dismiss is without merit.

## Recommended Disposition

I recommend that the Motion to Vacate, Set Aside or Correct Sentence and Conviction filed pursuant to 28 U.S.C. § 2255 be denied and this case dismissed with prejudice.

Richard L. Puglisi
United States Magistrate Judge